Gastos, Judge.
 

 After stating tlie facts as above, proceeded: — The counsel for the appellant has mainly rested his case here upon the supposed error in tins adjudication.
 

 This is the first occasion on which this court has been called upon to expound the act of 1804, and the un-technical language in which many of its provisions are expressed, has caused some embarrassment in ascertaining the precise meaning of the Legislature. The first section requires- that, upon the return of any writ of ejectment, (meaning return of service of the copy of the declaration u£ ejectment,) the real plaintiff, by which is to be understood the lessor of the plaintiff, his agent or attorney, shall enter into bond ‘‘with the clerk of the court,” to prosecute the same with effect, or to pay such costs and damages as shall be awarded against him. The secead section then enacts, that the persons who shall make themselves defendants in ejectment, “ shall on doing the same, either by themselves, “ their agent or attorney, enter into bond with good “ and sffiucient security, to answer such writ or writs “ of ejectment in the court to which they may he made “ returnable; and abide by the determination of the “ same; which defendant or defendants shall he under “the same rules and regulations, and liable to the same “judicial proceedings as to all costs and damages that “ may be awarded against him or them, as principal “ and bail are subjected to in other civil actions of law “ in said courts.” The plaintiff insists that the first section expressly requires that the bond therein directed, shall be made payable to the clerk of the court; that the second having directed a bond to he given, and not declaring to whom it shall be payable, necessarily implies that it shall be made in the same form with that
 
 *587
 
 prescribed in the previous section, and that the instrii* ment in this case, being payable to the lessor of thé plaintiff, departs in that respect, essentially, from the ba.il bond required by the second section. We do
 
 not
 
 adopt this constrüction.
 

 The boijd of a person seeking to defend an eject-toThcTessor’óftiVé pkihtiff.
 

 Whenever a bond is directed t'0 betaken, and no sne'eial 1 direction given with respect to its form, it must be under* s^00^ as a bond, to be made payable to him whose rights it is intended to secure, and for whose benefit it is required. The act of 1787, c. 276, made it the duty of every clerk of a Court of Record in this State, before issuing a writ or other leading process against a defend*ant, to take sufficient security of the person applying for tench writ conditioned to prosecute the suit with effect) or in case of failure, to pay the defendant all such costs as should be awarded against the plaintiff. It has been the uniform and universal usage under this act, to make this prosecution bond as it has been termed-, payable directly to the defendant in the action. The clerk is to be regarded as the legal agent for the defendant, empowered and commanded to receive this security in the name and on the behalf of the defendant; and not only-liave innumerable suits been prosecuted effectually upon bonds thus taken, payable to defendants, but since
 
 thó
 
 act of 1831 has raised .prosecution bonds to the dignity of records, judgments on bonds in this form are every day rendered in our courts. The act of 1787 made provision for those cases only, in which the suit was commenced by a writ or other leading process issued from the clerk’s office. There was no legal .provision for a prosecution bond, in an action of ejectment. The first section of the act of 1804 supplied
 
 this
 
 omission, and required upon an action thus instituted,the same security from the lessor of the plaintiff for the defendant’s costs, as had been demanded from the plaintilf, upon the institution of other suits by the act of 1787, and directed the bond, “ to be entered into with the clerk,” — that is to say, to be taken by the clerk as the appropriate legal agent of the defendant, as in all other cases.
 

 As the requisition of the first section of'the act of 1804
 
 *588
 
 is analagous to that of
 
 1787,
 
 in regard to. the prósocution bonds, so t!ie provisions of the second section are intended to conform
 
 generally
 
 to the requirement of bail from ■defendants by the act of 1777,'C115 si 6, If. That a'ctmakcs it the duty 'of the 'Sheriff on serving a writ of
 
 capias ad respondendum,
 
 to take bond with two sufficient sureties payable to himself, and to assign over that bond to the plaintiff in the suit, and declares that all bail So taken shall be held and deemed to be special bail, and as such, ■liable to the recovery of the plaintiff. The old form of the condition of these bail bonds, approved by this court the case of
 
 Rhodes
 
 v.
 
 Vaughan,
 
 (2
 
 Hawks,
 
 167) is, to in make his personal appearance before the court and then and there to answer to five plaintiff in the action, and to stand to and abide by fire judgment of 'the court— The first part of the condition of the bail bond under the act of 1777 is omitted in that required by the act of 1804, because in the latter no process has been served, the tenant in possession has only been invited to make himself defendant, is Under no obligation to appear, and is to give the frond after he shall have appeared and prayed to be admitted a party defendant. Under the act of 1777, the bond is to be taken to the Sheriff and afterwards assigned to the plaintiff; because it is de* signed to secure the double purpose of bail for appearance and bail to the action. In the latter, it should be given directly to the plaintiff, because it is to effectuato but the one purpose of scouring bail to the action. With the exception of that part o>f the bail bond which stipulates for the appearance of the defendant, the conditions of both bonds are idéntica?. We have not been without difficulty upon the question, whether the obligation did not vary from that prescribed in tire act of 1804, in being made payable to the lessor of the plaintiff, instead of the nominal plaintiff. We arc satisfied that it would be more consistent with the regularity of judicial proceedings, that the bond which, by the act, is substantially made part of the record in the action of ejectment, and on which judicial writs may issue to enforce the recovery of the plaintiff in that action, should be made to
 
 *589
 

 fám
 
 w|lora the record recognizes as
 
 the plaintiff,
 
 and this is the form which we would advise to be pursued. Indeed, we can perceive gveat perplexities and embarass-lnents. wliich may follow from any other course, where there are several counts on the demises of different lessors, and there is a recovery on some and not all of these counts. But as in this act the Legislature speaks of the lessor of the plaintiff as the real plaintiff, and as for many purposes he is considered in law the plaintiff,
 
 (Aslin v. Parkin, 2
 
 Bur.665),and as in the present case no inconvenience could result from a bail bond being made to the lessor of the plaintiff, instead of the plaintiff on record, we should hold this to be a bond conforming to the provisions of the act of 1804, and fit to be proceeded on, as such, by the peculiar remedies prescribed in cases of bail, were it not for other objections to it, which we proceed to consider.
 

 
 *588
 
 That bond is in b^Fbond^re-quired by the
 
 &dt except
 
 that it is not made the defendant to !lia aPPoar'
 

 It seems
 
 that it should be made to the nominal plaintiff.
 

 
 *589
 
 The condition in this bond omits the material stipulations which the act of 1804 distinctly requires to be inserted in the condition of the bonds under that statute; and substitutes for them other stipulations, perfectly intelligible, and not of equivalent import. The condition of the bond prescribed by the statute is, “to answer to the writ, i. e. the action, of ejectment in the court to which it may be made returnable and abide by the determination of the same.” The
 
 legal
 
 meaning of these terms and the nature and extent of the duty secured by them are clearly defined. They constitute an undertaking, that if the defendant be condemned in the action, he shall pay the costs and condemnation or Bender himself up a prisoner,or that the bail will pay the costs and condemnation for him. The
 
 condition
 
 in
 
 this
 
 bond allows the penalty to be saved only in one of two modes. Either the defendant must defeat the action of the Plaintiff, or
 
 make full
 
 payment of all costs that may be adjudged against him. Under the bond, as prescribed by the statute, the bail can always discharge themselves from liability by a surrender of the principal; arc discharged by his death at any time before they are fixed with the debt; and cannot he subjected to the plaintiffs
 
 *590
 
 •demand until after an ineffectual attempt by a
 
 capias ad satisfaciendum
 
 to seize the defendant’s body. It is perfectly clear that a surrender of the body of
 
 Riley
 
 would not be a
 
 performance
 
 of the condition of
 
 this
 
 instrument. It is equally clear, that if
 
 Riley
 
 should die after a recovery against him for the costs of the ejectment,
 
 his
 
 death would not be a payment of those costs within the words of this condition, and if we regard the plain meaning of terms, the condition would be broken when once
 
 Riley
 
 should refuse to make payment of the costs recovered, whether a
 
 ca. sa.
 
 or any other execution had been sued out against him or not. We cannot therefore regard an obligation which contains stipulations plainly variant, both from the ordinary terms, and from the legal import of those required by statute to be inserted, in an instrument, to which instrument it gives a peculiar dignity, and on which it prescribes an extraordinary remedy, to be and to constitute that very instrument, without altering the contracts of parties, and interfering with the law which they had a right to prescribe, and which they have prescribed for themselves,on the subject matter of such contracts. Where the law has not defined the meaning and prescribed the effects of terms, those used in the contract must be understood as meaning what they obviously import, and producing such results as the intent thereby declared ought to operate.
 

 We are thus conducted to the conclusion, that the obligation on which the plaintiff declared, was not a bail bond made in conformity, to the requisitions of the act of 1804, and therefore could not have been proceeded upon as such by
 
 scire facias.
 
 It is however an obligation in due form between parties able to contract, containing no stipulations contrary to morals, to policy, or to positive statute
 
 ;
 
 and if validly executed,is fit tobe enforced by the ordinary remedies which the law gives when such obligations are broken. The only objection to the execution of the instrument is to be found in the exception to the charge of the judge, with respect to its delivery. The attesting witness, who was the attorney of
 
 Riley,
 
 in the action of ejectment, stated lie had caused
 
 *591
 
 tbo bond to be executed, and that from bis ordinary practice in such cases, be believed lie bad filed it away among the papers of the suit, for the purpose of enabling
 
 ffi[ey
 
 become a defendant. And it appeared from the records that the bond was so filed when
 
 Riley
 
 became defendant. The judge instructed the jury that from this evidence, they might presume a delivery.— y¡re a,,e sat¡sfied with the correctness of this instruction • An instrument under seal is made payable to the
 
 plain-
 
 ft¡^ ft |s deposited in a place of safe keeping accessible to him, and for the purpose of securing to him the benefit which that instrument confers, he has accepted it, claims the instrument as his, fakes it as his, sues upon and produces it as his. It is not only evidence from which a jury might infer delivery — but from which, if believed, they could not rationally decline to infer it.
 

 Its delivery may proofofTts being signed, sealed, and deposited in the office of the court where the action is pending.
 

 It is the opinion of this court, that there is no error in the judgment which has been rendered against the defendant below, and that it must be affirmed with costs.
 

 Per Curiam. — Judgment affirmed.